## MESSNER v BEALS et, Etc
## BEALS et, Etc v RUTHERFORD

Ohio Appeals, 9th Dist, Wayne Co

Nos 926 & 925.  Decided Jan 8, 1934

H. R. Smith, Wooster, for E. C. Messner and C. O. Rutherford.

G. A. Starn, Wooster, and L. R. Critchfield, Jr., Wooster, for Warren Beals et, members of the Board of Education, etc.

## OPINION

By STEVENS, J.

But one question is presented in each of these cases, and that is, was a binding contract entered into between said school board and C. O. Rutherford.

It will be observed that the resolution of said board passed April 3, 1933, does not specify any salary to be paid to Rutherford, but expressly reserves the question of salary and the term of employment for later determination.

Contracts between a board of education and persons appointed by said board may arise by virtue of a compliance with the provisions of §7699, GC, which section reads as follows:

"Upon the appointment of any person to any position under the control of the board of education, the clerk promptly must notify such person verbally or in writing of his appointment, the conditions thereof, and request and secure from him within a reasonable time to be determined by the board,

his acceptance or rejection of such appointment. An acceptance of it within the time thus determined shall constitute a contract binding both parties thereto until such time as it may be dissolved, expires, or the appointee be dismissed for cause."

It is apparent that no contract between the board and Rutherford could have arisen in this case under this section of the statute, because no attempt was made to carry out the mandatory provisions of said section by either the board or Rutherford.

Assuming that said parties may contract as individuals, we are then relegated to the usual and general rules governing the formation of contracts. In 9 O. J., "Contracts," §2, page 236, it is said:

"To constitute a valid contract there must be parties capable of contracting, a meeting of the minds, a lawful subject-matter, and a sufficient consideration." (Quoting **Interurban R. Terminal Co. v Cincinnati, 93 Oh St 108**, and **Local Teleph. Co. v Cranberry Mut. Teleph. Co., 102 Oh St 524**).

There must be a meeting of the minds as to every essential term of the contract, such as the consideration, parties, and subject-matter.

**Evans v Peck-Hammond Co., 1 O.C.C. (N.S.) 24, 25 O.C.C. 161.**

Let us test the contract claimed on behalf of Rutherford by these rules. That there were competent contracting parties, there can be no doubt. That there was a sufficient consideration, may not be seriously questioned. That the subject-matter of the contract was lawful, goes without saying. But was there a meeting of the minds upon every essential term of the contract?

Probably one of the most important elements of the contract to both parties concerned was the question of salary, and as to that it may not be urged that there was any meeting of the minds, for that question was expressly reserved, under the resolution passed by the board, for later determination, and nothing appears in the record before us indicating that the minds of the parties had come into agreement upon that question.

It is urged that the school board, under §7690-1, GC, is required to fix the salaries of teachers. That is true. But the teacher is not, under said section, required to accept a salary to which he or she has not agreed.

Let us suppose that after the passage of the first resolution by the board of education, said board had passed another resolution fixing the salary of the teacher at $1 a year; would it be argued that the teacher could be required to accept said salary? We think not.

One of the fundamental rules of contracts is that a contract which is not binding on one party because it is too indefinite and uncertain as to a material matter, is not binding on the other party thereto.

"A written instrument is either capable of construction or it is void for uncertainty. If the terms employed by the parties, though intended for a contract, be so incomplete or ambiguous that, after applying to them all the help which the rules of interpretation afford and permit, they are still so uncertain, that what the parties mutually assented to cannot be ascertained, the consequence is the same as when there is no assent; there is no contract."

9 O. J., "Contracts," §205, p. 433.

And since we conclude that such a contract as is here urged would not be binding upon the teacher by reason of its indefiniteness upon an essential term of said contract, it necessarily follows that it could not be binding upon the school board.

There having been, in our judgment, no meeting of the minds of the contracting parties upon all of the essential elements of the contract in question, we discharge our duty by dismissing the petition in case No. 926, at plaintiff's costs, and by issuing a permanent injunction in favor of the school board and against the defendant Rutherford in case No. 925, with exceptions.

WASHBURN, PJ, and FUNK, J, concur in judgment.